Filed 3/28/23  P. v. Pina CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>ANNALICIA PINA,<br><br>     Defendant and Appellant. | E079116<br><br>(Super. Ct. No. FWV20000778)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed.

John Derrick, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant and appellant Annalicia Pina appeals after a jury convicted her of first degree residential burglary (Pen. Code, § 459).  In a bifurcated proceeding, defendant

1

admitted to having suffered a prior serious felony (Pen. Code, § 667, subd. (a)) and a prior strike (Pen. Code, § 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) conviction. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. Based on our independent review of the record, we find no error and affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 2019, while at his officer about 30 minutes from his home, Guillermo Corona received an alert from his "Ring" security doorbell at his house where he lived with his wife and children. At the time he and his family left their home, Corona recalled locking the doors to the home. The "Ring" doorbell sends users a notification on a phone app, allowing them to view a live video of the person at the door from any location, not just from the property itself.

While viewing the live video, Corona saw someone holding what appeared to be a real estate promotional flyer and the person trying to look through a window in the door. At trial, Corona identified defendant as the person he saw in the video.[1] After observing the live video for about two minutes, Corona saw defendant cover the camera on the

---

[1] The parties stipulated that Corona told an officer it was possible there was a second suspect.

2

doorbell with paper. Corona thereafter called 911 and stopped watching the video. Corona acknowledged that he never saw defendant or anyone else enter the home. He, however, believed defendant entered the house through French doors because he had noticed that a pin used to lock the doors was broken some weeks later. But Corona did not know whether the pin was broken before he left the house on the day of the burglary since he did not use that door often. Corona admitted that he did not know how anyone got into the house that day.

A recording of the 911 call was played to the jury. Corona informed the 911 dispatcher that someone was trying to break into his house. At the time, he identified defendant as a male person. At trial, the parties stipulated that Exhibits 56 and 57 provided a fair and accurate description of how defendant looked on the day of the charged offense. On the day in question, defendant had a buzzcut and was wearing baggy clothing.

Officer Eduardo Padilla was dispatched to the scene following Corona's 911 call. When he arrived on the scene, he observed a white vehicle parked in the driveway, which Corona testified was not his, as well as the front "Ring" doorbell covered by a piece of paper. An across-the-street-neighbor provided security video showing someone entering a gate at Corona's house upon arriving in a white car that she had seen park in the driveway after circling around.

Officer Padilla examined the side of the house and briefly saw, through a wrought-iron gate, what appeared to be a heavyset male about 10 feet away, walking out of the

3

pedestrian door of the garage into the backyard and carrying a laptop computer bag. At trial, the officer identified defendant as the person he saw, despite his description of the subject as a male. The officer called out to the person, but the person just looked at him and then went back inside the garage.

Officer Javier Millan also responded to Corona's 911 call and arrested defendant in the yard of a neighboring property. Officer Millan could not recall exactly which property he had arrested defendant from. A search of defendant's person revealed two wallets, a watch with a black band, and some money in a plastic bag. Corona recognized the items found on defendant as items belonging to him and his wife. Corona also identified items found in the garage as having been moved from where they were in the house. No fingerprints were collected in connection with the crime.

On April 21, 2022, the jury convicted defendant of first degree residential burglary (Pen. Code, § 459). In a bifurcated proceeding, defendant admitted that he had suffered a prior serious felony (Pen. Code, § 667, subd. (a)) and a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

The sentencing hearing was held on June 3, 2022. The trial court denied defendant's motion to strike the prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 but agreed not to impose the five-year prior serious felony enhancement. The court thus sentenced defendant to the middle term of four years, doubled to eight years due to the prior strike enhancement, with 92 days credit for time served. The court ordered defendant to pay a $300 restitution fine (Pen. Code, §

4

1202.4, subd. (b)), and a $300 parole restitution fine stayed pending successful completion of parole (Pen. Code, § 1202.45). Defendant timely appealed.

## III.

## DISCUSSION

After defendant appealed, upon her request, this court appointed counsel to represent her. Upon examination of the record, counsel has filed a brief under the authority of *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issue, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders v. California*, *supra*, 386 U.S. at p. 744; see *People v. Johnson* (1981) 123 Cal.App.3d 106, 109-112.)

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.